**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PHILLIP BURKE,

         Plaintiff,

   v.

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

         Defendant.

Civil Action No. 2:26-cv-5615

## COMPLAINT

1. Plaintiff Phillip Burke brings this action against Defendant The Lincoln National Life Insurance Company under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Plaintiff's employer, Atwell, LLC, and insured by Defendant. Plaintiff asserts a claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for recovery of benefits due and for clarification of rights to future benefits under the terms of the Plan, and reserves all rights available under ERISA § 502(a) and § 502(g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and under 29 U.S.C. § 1132(e)(1), which grants federal district courts jurisdiction over civil actions brought under ERISA.

3. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 2005 Market Street, Philadelphia,

Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Phillip Burke is an adult individual who resides at 653 Orchard Street, Indiana, Pennsylvania 15701. At all times relevant to this Complaint, Plaintiff was employed by Atwell, LLC and was a participant, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in an employee welfare benefit plan sponsored by Atwell, LLC.

5. Defendant The Lincoln National Life Insurance Company maintains an office and conducts business at 2005 Market Street, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action.

6. Plaintiff's employer, Atwell, LLC, sponsored an employee welfare benefit plan (the "Plan") that provided long term disability benefits to eligible employees, including Plaintiff.

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

8. The long term disability benefits at issue are insured under a group policy of insurance issued by Defendant, bearing policy number 000010210037000000.

9. Plaintiff's claim for long term disability benefits under the Plan is identified by claim number 1240020444.

10. At all times relevant to this Complaint, Plaintiff was employed by Atwell, LLC and was covered under the Plan.

11. Plaintiff's date last worked was November 9, 2022.

12. On and after that date, Plaintiff became disabled from performing the material duties of Plaintiff's occupation due to Covid 19 Long Hauler, syncope, attention and concentration deficits, congenital heart disease (coarctation of the aorta with stenting), morbid obesity, recurrent nephrolithiasis, depression, anxiety, panic disorder.

13. Plaintiff's functional limitations prevented Plaintiff from performing the material duties of Plaintiff's occupation as required by the terms of the Plan.

14. Plaintiff submitted medical and other claim information to Defendant supporting the disability and Plaintiff's entitlement to benefits under the Plan.

15. Plaintiff has satisfied all conditions precedent to the receipt of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

16. Plaintiff submitted a claim for long term disability benefits under the Plan.

17. By letter dated March 12, 2025, Defendant issued its final adverse benefit determination denying Plaintiff's claim for long term disability benefits. In that letter, Defendant stated that "the clinical evidence does not support any degree of ongoing physical impairment that would translate into medically necessary restrictions/limitations for the time period from 11/10/2022 forward."

18. Plaintiff timely pursued and exhausted the administrative appeals available under the Plan and under 29 C.F.R. § 2560.503-1.

19. Plaintiff has exhausted all administrative remedies required under the Plan and under ERISA, and this action is timely.

**STANDARD OF REVIEW**

20. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

21. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

22. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

23. At all relevant times, Plaintiff was a participant in the Plan, and the Plan is an employee welfare benefit plan governed by ERISA.

24. Under the terms of the Plan, Plaintiff is entitled to long term disability benefits because Plaintiff is disabled within the meaning of the Plan and has otherwise satisfied all conditions of coverage.

25. Defendant's denial of Plaintiff's claim for long term disability benefits was wrongful and contrary to the terms of the Plan.

26. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of long term disability benefits due under the Plan and has suffered damages in the amount of past-due benefits, plus prejudgment interest.

27. Plaintiff is entitled to recover past-due benefits under the Plan through the date of judgment, together with prejudgment interest and attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

COUNT II CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

28. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

29. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant to bring a civil action to clarify his rights to future benefits under the terms of the plan.

30. Plaintiff remains disabled within the meaning of the Plan and, but for Defendant's wrongful denial, would continue to receive long term disability benefits under the Plan's continuing-disability provisions.

31. An actual controversy exists between Plaintiff and Defendant regarding Plaintiff's entitlement to future long term disability benefits under the Plan.

32. Plaintiff is entitled to a declaration clarifying Plaintiff's rights to future long term disability benefits under the terms of the Plan for so long as Plaintiff remains disabled and otherwise satisfies the Plan's conditions of coverage.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Phillip Burke respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant The Lincoln National Life Insurance Company, and grant the following relief:

A. Award Plaintiff past-due long term disability benefits under the Plan from the date of termination through the date of judgment;

B. Award Plaintiff prejudgment interest on past-due benefits;

C. Declare that Plaintiff is entitled to future long term disability benefits under the Plan for so long as Plaintiff remains disabled and otherwise satisfies the Plan's conditions of coverage;

D. Award Plaintiff attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL ON THE ADMINISTRATIVE RECORD

Plaintiff respectfully requests trial on the administrative record on all claims so triable.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff